# Third District Court of Appeal

## State of Florida

Opinion filed July 26, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-787
Lower Tribunal No. 20-15407
_____

**Adweiss LLLP, etc., et al.,**
Appellants,

vs.

**John A. Daum, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne Del Rio, Judge.

Law Office of Dennis Grossman, and Dennis Grossman; Law Office of Max R. Price, P.A., and Max R. Price, for appellants.

Baritz & Colman LLP, and Andrew Thomson and Heather Cooper (Boca Raton), for appellee TD Ameritrade, Inc.; Zumpano Castro, PLLC, and Emilio Dominguez, for appellees Debra Roth, Bradley Daum and Marcia Daum.

Before FERNANDEZ, SCALES, and BOKOR, JJ.

SCALES, J.

In these proceedings supplementary brought pursuant to section 56.29 of the Florida Statutes, appellants Adweiss LLLP and Adweiss LLC (together, "Adweiss"), the judgment creditors and plaintiffs below, seek to appeal an April 8, 2022 trial court order granting appellee, co-defendant below, TD Ameritrade, Inc.'s ("TD Ameritrade") June 15, 2021 motion to dismiss Adweiss's Amended Supplemental Complaint. Adweiss's pleading sought a judgment holding TD Ameritrade liable for $981,000, plus statutory interest, owed to Adweiss by the judgment debtors and co-defendants below, John A. Daum and Daum's wholly-owned corporation, JAD Services LLC.[1]

TD Ameritrade's motion to dismiss Adweiss's Amended Supplemental Complaint argued two bases for dismissal: (i) Adweiss's claims against TD Ameritrade under Florida's Uniform Fraudulent Transfer Act ("FUFTA") were time-barred; and (ii) Adweiss's FUFTA claims failed to state a cause of action upon which relief could be granted. The trial court's April 8, 2022 order granted TD Ameritrade's motion to dismiss on both grounds. Specifically, with regard to TD Ameritrade's statute of limitations argument, the trial court dismissed Adweiss's Amended Supplemental Complaint "with prejudice." But the lower court also dismissed the pleading on TD Ameritrade's "failure

---

[1] Adweiss also alleged claims against Wells Fargo Bank, N.A., Debra Roth, Bradley Daum and Marcia Daum that remain pending in the lower proceedings.

to state a cause of action" argument "without prejudice," giving (i) Adweiss leave to file a Second Amended Supplemental Complaint within twenty days, and (ii) TD Ameritrade twenty days in which to respond to Adweiss's future pleading.

On April 28, 2022, Adweiss filed its Second Amended Supplemental Complaint and, shortly thereafter, filed its notice of appeal to this Court, challenging the trial court's dismissal order. Adweiss's Second Amended Supplemental Complaint remains pending below. Recognizing that the challenged order may not constitute a final, appealable order, Adweiss's notice of appeal contained the following "qualifying" footnote:

> This appeal is taken as a protective measure, in the event the Third District Court of Appeal considers the appealed-from Order to be an [sic] final appealable Order. It is possible the Third District Court of Appeal may consider the appealed-from Order to be a final appealable Order because in part it dismissed Plaintiffs-Appellants' claim against TD Ameritrade, Inc., "with prejudice." On the other hand, it is possible the Third District Court of Appeal may consider the appealed-from Order to be a non-final, non-appealable Order, because in part it dismissed Plaintiffs-Appellants' claim against TD Ameritrade, Inc., with leave to replead, which Plaintiffs-Appellants did. . . . In light of this uncertainty, Plaintiffs-Appellants take this appeal to protect their rights, in an abundance of caution, and respectfully request the understanding of this Court and of the Third District Court of Appeal.

It is axiomatic that our appellate jurisdiction is generally limited to reviewing final orders and those non-final orders specifically contained in

Florida Rule of Appellate Procedure 9.130's schedule of appealable, non-final orders. See Fla. R. App. P. 9.030(b); Fla. R. App. P. 9.130(a)(3); Truist Bank v. De Posada, 307 So. 3d 824, 826 (Fla. 3d DCA 2020) ("[W]hen deciding whether we have appellate jurisdiction to review a non-final order under Florida Rule of Appellate Procedure 9.130(a)(3), we narrowly construe the rule and its enumerated categories of orders subject to interlocutory appellate review."). Further, Florida Rule of Appellate Procedure 9.110(k) allows for immediate appellate review of a "partial final judgment" that (i) "totally disposes of an entire case as to any party," or (ii) disposes of a claim against a party that is "a separate and distinct cause of action that is not interdependent with other pleaded claims."

The challenged order is not included in rule 9.130(a)(3)'s schedule of appealable interlocutory orders. Nor is the challenged order a final order or a "partial final judgment." The order plainly contemplated another Adweiss pleading (now filed below), TD Ameritrade's response to same, and the expenditure of more judicial labor. See Valledor Co. v. Decky, 338 So. 3d 956, 958 (Fla. 3d DCA 2022) ("An order is final only if it puts an end to judicial labor. . . . This [damages] issue remains open and obviously requires additional judicial labor; hence, none of the challenged orders is final."); City of N. Miami Beach v. City of Miami Gardens, 306 So. 3d 211, 211 (Fla. 3d

4

DCA 2020) ("[W]e agree that this appeal became moot when, pursuant to another provision of the same order under review, Appellee filed an amended complaint. As a result, the initial complaint which Appellant asks this Court to conclude should have been dismissed is no longer operative."). Because the challenged order is not an appealable, non-final order, a partial final judgment or a final order, we lack the jurisdiction to adjudicate Adweiss's interlocutory challenge to the order, and therefore dismiss the appeal.

Appeal dismissed.